# UNITED STATES DISTRICT COURT

## Middle District of Alabama

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |

**LEWESHA OLIVER**

Case No.      2:08cr140-WHA-01

USM No.    12517-002

Stephen P. Ganter
_____
Defendant's Attorney

## THE DEFENDANT:

✔ admitted guilt to violation of condition(s)      1 - 5 of the amended petition    of the term of supervision.

☐ was found in violation of condition(s)      _____  after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to refrain from committing another federal, state or local crime | 11/20/2011 |
| 2 | Failure to refrain from committing another federal, state or local crime | 7/8/2011 |
| 3 | Failure to refrain from committing another federal, state or local crime | 8/8/2011 |
| 4 | Failure to refrain from committing another federal, state or local crime | 9/12/2011 |
| 5 | | |

The defendant is sentenced as provided in pages 2 through ____4____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 9438

Defendant's Year of Birth:      1978

City and State of Defendant's Residence:
Montgomery, AL

June 26, 2012
_____
Date of Imposition of Judgment

/s/ W. Harold Albritton
_____
Signature of Judge

W. Harold Albritton, Senior U. S. District Judge
_____
Name and Title of Judge

June 26, 2012
_____
Date

DEFENDANT:      LEWESHA OLIVER
CASE NUMBER:    2:08cr140-WHA-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of :

**6 months.**

It is ORDERED that the term of supervised release imposed on January 22, 2009, is REVOKED. The court has taken into consideration the policy statements in Chapter 7 of the Guidelines Manual, the guideline range, and all relevant information in imposing the sentence at 6 months.

✔ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the Defendant be designated to a facility where vocational training is available.

✔ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m.  ☐ p.m.  on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
                                   UNITED STATES MARSHAL

By _____
                          DEPUTY UNITED STATES MARSHAL

DEFENDANT:       LEWESHA OLIVER
CASE NUMBER:     2:08cr140-WHA-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**One (1) year.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

✓    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

✓    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:       LEWESHA OLIVER
CASE NUMBER:     2:08cr140-WHA-01

## SPECIAL CONDITIONS OF SUPERVISION

Defendant shall reside in a residential reentry center maintained under contract to the Bureau of Prisons for a term of six (6) months and shall comply with the rules of that facility.

Defendant shall participate in the Location Monitoring Program and shall comply with the conditions of home detention, which will be monitored by a location monitoring system (Radio Frequency Monitoring), for a period of six (6) months. Defendant shall wear a location monitoring device and shall follow the monitoring procedures specified by her probation officer. Defendant shall pay all costs of the program based upon her ability to pay as determined by the U. S. Probation Officer.

Defendant shall participate in a program approved by the United States Probation Office for substance abuse, which may include testing to determine if she has reverted to the use of drugs. Defendant shall contribute to the cost of any treatment based on the ability to pay and the availability of third-party payments.

Defendant shall submit to a search of her person, residence, office or vehicle pursuant to the search policy of the court.

Defendant shall obtain full-time employment.

Defendant shall pay the remaining balance of her restitution previously ordered at a rate of $100 per month to commence within 60 days of her release from imprisonment.

Defendant shall provide the probation officer any requested financial information.

Defendant shall not obtain new credit without approval of the court unless in compliance with the payment schedule.